# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE DYSON,

        Plaintiff,

v.                                        Case No. 10-C-665

UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

      Willie Dyson has filed a second petition under 28 U.S.C. § 2255 contesting his 2004 conviction for drug and gun charges. In his first petition, Dyson sought (and received) a slight sentence reduction on the basis of *United States v. Booker,* 543 U.S. 220 (2005). *See Dyson v. United States*, Case No. 05-C-0873 (E.D. Wis. Jan. 25, 2006). He now asserts that he was innocent of some the charges, and he challenges other criminal statutes on the grounds of vagueness and equal protection.

      On August 20 this Court dismissed the petition on the grounds that Dyson had failed to obtain permission from the Seventh Circuit United States Court of Appeals before filing his second petition. It appears, however, based on a communication from the United States Attorney, that Dyson did in fact seek such permission. The Seventh Circuit, in Appeal No. 10-2582, concluded that he did not require its permission because his present challenge is brought against the new

judgment he obtained. Accordingly, this Court's order of August 20 is **VACATED**. This Court may now screen the petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

Dyson makes two arguments in his petition. First, he asserts he is actually innocent of one of the charges (violation of 18 U.S.C. § 922(g)) because the predicate crimes used to establish an enhanced penalty were not crimes of violence. Under 18 U.S.C. § 924(e), the government sought a penalty enhancement because Dyson had previously been convicted of several burglary charges in state court. Section 924(e)(1) reads:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .

Dyson notes that the Supreme Court recently clarified that a violent felony, as the term is used in § 924(e), means a felony involving the use of physical, violent force. *Johnson v. United States,* 130 S. Ct. 1265 (2010). Dyson argues that his burglaries were not violent crimes, and thus they should not have been used as predicate offenses for the § 924(e) enhancement. But *Johnson* was a case in which the predicate offense was a simple battery. Here, the predicate convictions were burglaries, and the statute specifically includes burglaries in its definition of crimes of violence because burglaries present a serious risk of physical injury. 18 U.S.C. § 924(e)(2)(B)(ii). This means that burglaries "count" for enhancement purposes even if, as Dyson alleges, he did not actually commit crimes involving violence. The Seventh Circuit described this result in a similar case:

> King argues that his burglaries were not violent felonies because he stole very little of value and did not enter the victims' houses surreptitiously; rather, he knocked on the front door to make sure no one was home before entering. While these facts may

2

> be accurate, *Taylor* bars us from considering them when deciding whether the burglaries were violent felonies. Rather, the Supreme Court declared that we may look only to the statutory definition of the crime, the charging paper, and the jury instructions to determine whether the Illinois courts necessarily found all the elements of generic burglary. *See Taylor v. United States,* 495 U.S. 575, 602 (1990).

*United States v. King,* 62 F.3d 891, 896 (7th Cir. 1995). Accordingly, because the enhancement statute specifically incorporates burglary into its definition, the Supreme Court's recent decision in *Johnson* does not help Dyson.[1]

Dyson also argues that the Seventh Circuit's 2005 decision in *United States v. Edwards,* 397 F.3d 570 (7th Cir. 2005) means that he is now innocent of the § 841(b)(1) charge. But Dyson does not explain why this claim would be timely. Section 2255(f) provides for a one-year limitations period running (usually) from the date the judgment of conviction becomes final. Dyson's original § 2255 action was addressed by this Court in 2006 and affirmed the same year. It is now four years later and there seems to be no basis to toll the limitations period for this or any of Dyson's other arguments.

Accordingly, the first claim will be dismissed on its merits, as *Johnson* does not provide any basis for relief.[2] Dyson may file a short brief, within 21 days, showing cause and explaining why

---

[1] As noted in this Court's decision in Dyson's previous § 2255 action, Dyson likely waived any such challenge by virtue of his plea. He did raise an ineffective assistance of counsel argument, and so conceivably he could raise this issue through ineffective assistance (though he does not). Because the issue lacks merit, however, it was not ineffective assistance to allow him to plead guilty to the charge.

[2] Because *Johnson* does not provide relief, it also does not provide a basis for extending the statute of limitations under 28 U.S.C. § 2255(f)(3).

3

this petition should not be dismissed under 28 U.S.C. § 2255(f) for untimeliness. The United States may respond within 14 days of Dyson's filing.

**SO ORDERED** this   24th   day of August, 2010.

                                                  s/ William C. Griesbach  
                                                William C. Griesbach  
                                                United States District Judge